**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MITCHELL ROSAS-REYES,**<br>Plaintiff,<br>v.<br>**O'KEEFE MEDIA GROUP**, et al.,<br>Defendants. | Case No. 1:26-cv-03007 (TNM) |

**CERTIFICATION**

Pursuant to Federal Rule of Civil Procedure 5.1(b) and 28 U.S.C. § 2403(a), the Court hereby certifies to the Attorney General of the United States that this case includes a constitutional challenge to a federal statute. The certification requirement "is not discretionary," *Jones v. City of Lubbock*, 727 F.2d 364, 372 (5th Cir. 1984), and it conveys nothing about the merits of the claim, *see Merrill v. Town of Addison*, 763 F.2d 80, 82 (2d Cir. 1985).

This matter arises from the alleged secret recording of plaintiff Mitchell Rosas-Reyes, formerly a government contractor for the Federal Bureau of Investigation. Plaintiff alleges that an undercover reporter for O'Keefe Media Group assumed a false identity for purposes of luring Plaintiff on dates. The reporter allegedly recorded their conversations during these dates, and O'Keefe Media Group then purportedly published Plaintiff's statements out of context. Plaintiff sues both the reporter and O'Keefe Media Group ("Defendants") for multiple tort and statutory violations. Relevant here, Plaintiff alleges that Defendants violated the Federal Wire Tap Act, 18 U.S.C. § 2511.

On October 13, 2026, Defendants filed a motion to dismiss. *See* ECF No. 11. They also filed a Notice of Constitutional Question, *see* ECF No. 12, which explains that their motion to dismiss challenges the constitutionality of the Federal Wire Tap Act and its D.C. counterpart, D.C. Code § 23-542. Defendants argue that the Federal Wire Tap Act, both facially and as applied, violates their freedom to gather information under the First Amendment. Defendants included with their Notice of Constitutional Question certification that they had served the Attorney General of the Untied States by certified mail with copies of the notice and motion to dismiss. *See* ECF No. 12.

Accordingly, the Clerk of Court is hereby **ORDERED** to serve a copy of this Certification on the Office of the United States Attorney General and the Office of the United States Attorney for the District of Columbia by certified mail. If the Attorney General chooses to intervene, he must do so by filing a brief no later than 60 days from the date Defendants filed their Notice of Constitutional Question. Fed. R. Civ. P. 5.1(c). The Court may not enter a final judgment holding the statute in question unconstitutional until after the Attorney General's time to intervene has expired. *Id.*

**SO ORDERED.**

2026.10.15
15:28:54 -04'00'

Dated: October 15, 2026

TREVOR N. McFADDEN, U.S.D.J.